UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLON SCARBER,

    Plaintiff,

v.

DEWAYNE BURTON,

    Defendant.
_____/

Case No. 2:19-cv-10347

HONORABLE STEPHEN J. MURPHY, III

**ORDER TRANSFERRING CASE TO THE**
**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On February 4, 2019, pro se Michigan prisoner Marlon Scarber filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state criminal convictions and sentences. ECF 1. Previously, following a jury trial in the Wayne County Circuit Court, Scarber was convicted of first-degree murder, armed robbery, kidnapping, and possession of a firearm during the commission of a felony. *Id.* at 1. He was sentenced to life imprisonment without parole on the murder conviction, concurrent terms of 38 to 80 years' imprisonment on the armed robbery and kidnapping convictions, and a consecutive term of two years' imprisonment on the felony firearm conviction. *See id.*; *see also Scarber v. Palmer*, No. 2:13-cv-15074 (E.D. Mich.), ECF 13, PgID 2876–77. Scarber's petition raises claims concerning his appellate and due process rights and the effectiveness of appellate counsel arising from his inability to obtain transcripts to contest a courtroom closure that occurred during jury voir dire at trial. ECF 1, PgID 2.

1

Scarber has previously sought federal habeas relief with regard to the same convictions and sentences of which he seeks review now. *See Scarber v. Palmer*, No. 2:13-cv-15074; *Scarber v. Berry*, No. 2:18-cv-10941. On September 25, 2014, the Court found untimely Scarber's previously filed federal habeas petition—challenging the same state convictions and sentences—and dismissed it with prejudice. *Scarber v. Palmer*, No. 2:13-cv-15074, ECF 13. The Sixth Circuit affirmed the Court's dismissal of Scarber's untimely habeas petition on December 22, 2015. *Id.* at ECF 17; *Scarber v. Palmer*, 808 F.3d 1093 (6th Cir. 2015).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, a person seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The requirement establishes a gatekeeping mechanism for the consideration of second or successive habeas corpus applications in district courts. *Felker v. Turpin*, 518 U.S. 651, 657 (1996).

Here, Scarber's petition is dated January 28, 2019. ECF 1, PgID 4. But Scarber did not obtain appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The Court therefore lacks jurisdiction to review the petition in the absence of authorization from the Sixth Circuit.

Scarber's argument that Section 2244(b) does not apply to the petition is unconvincing. He maintains that the claim in the petition was not ripe or factually supported until the state trial court had issued its January 29, 2018 order denying

2

Scarber's "motion to restore lost transcribed records of closure hearing."ECF 1, PgID 3–4. *Panetti v. Quarterman*, which Scarber cites, allows successive petitions only for *Ford*-based incompetency claims when the incompetency claims ripen. 551 U.S. 930, 968 (2007). The Supreme Court explicitly rejected the argument "that any time a claim would not be ripe in the first habeas petition, it may be raised in a later habeas petition." *Id.* at 967. Scarber does not raise an incompetency claim. Scarber is not challenging a new state court judgment. *Cf. Magwood v. Patterson*, 561 U.S. 320, 331 (2010). And the Court dismissed Scarber's first petition for being untimely, not for being premature. *Cf. Stewart*, 523 U.S. at 643. Scarber already had a fair opportunity to raise his claim about the courtroom closure that occurred during his state trial's voir dire. The current habeas petition is therefore a second successive petition within the meaning of Section 2244(b)(3)(A).

"[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Court of Appeals], the district court shall transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997)). The Court will therefore order the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.[1]

---

[1] 28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of

3

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: February 11, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2019, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager

---

    justice, transfer such action ... to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . .